The presiding Judge, (Grimke,)
in his charge to the jury, mentioned, that however this practice of setting aside original contracts for buildings, on account of additions and alterations had got into common use in this city, and into use throughout the country in general, it was neither founded in law nor justice. That on the contrary, the wisdom and policy of the law was to uphold and maintain contracts where they were fairly entered into ; and that in all cases, where there were alterations and additions made in buildings, such should be paid for, without altering or affecting in the least the original contract.
The jury, however, contrary to the charge of the judge, found a verdict for the plaintiff to the whole amount of his demand, agreeably to the valuation of the carpenters who valued the work.
*404 This was therefore a motion for a new trial, on the ground of the verdict being against law, and the opinion and direction of the judge who tried the cause.
The same grounds which had been taken by the counsel on the trial of this cause, were again urged for and against this motion for a new trial; only, that it was strongly urged, on the part of the defendant, that it was high time the law on this point was finally settled, as this was a never failing source of litigation in the community.
The Judges,
after consideringthis case fully, and hearing the arguments, were all of opinion, that the law as laid down by the presiding Judge to the jury in this case, ought to be supported and maintained in the construction of contracts. That whatever the practice might hitherto have been among the master builders in Charleston, in making out bills for materials and labour, in cases where there were additions or alterations in buildings contracted for, without any regard to such contracts, it was erroneous in principle and illegal. Wherever a contract is made for any building of any size or dimensions, it becomes a law to the parties, and they are both bound by it; and wherever additions or alterations are made in such buildings, they become a new or additional contract, either express or implied, without affecting the original contract, and must be paid for agreeably to such new contract'if a sum is fixed for that purpose,, but if not, then according to a just and reasonable valuation.
It is a just maxim, that in the construction of covenants and agreements, such a one should always be given as would uphold and maintain good faith between man and man, rather than to defeat the intentions of the parties to the covenant ; to give the construction, therefore, urged by the plaintiff’s counsel in this case, would, in opposition to this maxim go to defeat entirely the original' contract between the parties ; but on the contrary, the other construction will support and maintain both the contracts between the parties. The amount of the first contract, should form in every case *405 of this kind the basis of the charge, and the extra work should constitute the additional charges which were not included in the first contract. In Peake's Nisi Prim, 103. the same principles are laid down as recognised in the English courts, and the. rule is worth} of adoption in this country as being founded on reason and justice.
Ward, for plaintiff, M-Credie, for defendant.
Let the verdict be set aside, and the rule for a new trial be made absolute.
All the Judges present.